IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WAFAA MONALA-KHALIL § | | |
|       **Plaintiff** § | | |
| § | | |
| VS. § | CAUSE NO. _____ | |
| § | | |
| NFIP DIRECT § | | |
|       **Defendant** § | | |

## ORIGINAL COMPLAINT

Plaintiff, WAFAA MONALA-KHALIL ("Plaintiff"), by her attorneys, John Pat Parsons and the law firm of Lindsay, Lindsay & Parsons, complaining against the Defendant, NFIP DIRECT ("Defendant" or "NFIP"), alleges the following upon information and belief:

## PARTIES

1. Plaintiff, WAFAA MONALA-KHALIL, is an individual who resides in and is domiciled in this judicial district. Her property, located at the address shown below was insured against flood damages by the Defendant:

| WAFAA MONALA-KHALIL | 10970 Sheila | Beaumont | TX | 77705 | Policy No. 4400221428 |
|---|---|---|---|---|---|

2. Defendant, NFIP DIRECT, is an insurance company doing business in the state of Texas, with its principal place of business located at 1740 Broadway Street-LL2 Denver CO 80274, and who may be served by serving its registered agent at P.O. Box 913111, Denver CO 80291-3111 (and whose fax is 1-800-742-3148).

3. NFIP Direct is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended 42

1

U.S.C. § 4001. NFIP Direct issued a Standard Flood Insurance Policy (the "Policy") in its own name, as a fiscal agent of the United States, to Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), NFIP Direct was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy.

## JURISDICTION

4. This action arises under the NFIA, Federal regulations and common law, and the flood insurance Policy that NFIP Direct procured for and issued to Plaintiff in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiff's property and contents located in this judicial District.

5. Federal Courts have exclusive jurisdiction pursuant to 42 U.S.C. § 4072 over all disputed claims under an NFIA Policy, without regard to the amount in controversy, whether brought against the government or a WYO company.

6. This Court has original exclusive jurisdiction to hear this action pursuant to 42 U.S.C. § 4072 because the insured property is located in this judicial district.

7. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of Federal Statutes and Regulations and involves substantial question of Federal Law.

## VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiff's property is located and where a substantial part of the events at issue took place.

## FACTUAL BACKGROUND

9. NFIP Direct sold and issued a Standard Flood Insurance Policy to Plaintiff (the "Policy") to insure her property and contents located a the address shown above against physical damage by or from flood. The Policy was in full force and effect on the date of the incident referred to herein and Plaintiff paid all premiums when due.

10. On or about September 19, 2019, a flood occurred in Port Arthur, Texas, causing high water which severely damaged Plaintiff's insured property. Up to the date of filing this Complaint, Defendant has been continuing to adjust this Claim.

11. As a result of the flood, Plaintiff suffered losses by and from flood to the insured property. Plaintiff has incurred and/or will incur significant expenses to repair and replace the flood-damaged property and contents. Defendant paid the full policy limit for the Building damage but has failed to pay the full policy amount for the Contents loss.

12. Plaintiff reported the damage and properly submitted claims to NFIP Direct. Plaintiff duly performed and fully complied with all of the conditions of the Policy.

13. NFIP Direct unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiff's claim. NFIP Direct has unfairly and improperly persisted in underpaying and continuing to 'stall' and 'drag out' this Claim.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT

14. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

15. Plaintiff and NFIP Direct entered into a contract when Plaintiff purchased and NFIP Direct issued the Policy.

16. The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiff for, among other things, physical damage caused by flood to Plaintiff's property and contents located a the address described above.

17. Plaintiff fully performed under the contract by paying all premiums when due and cooperating with NFIP Direct regarding Plaintiff's claims. Plaintiff complied with all conditions precedent to Plaintiff's recovery herein, including appropriate and adequate demands, or NFIP Direct waived or excused such conditions precedent.

18. NFIP Direct failed to perform and materially breached the insurance contract when it wrongly failed to pay and refused to reimburse Plaintiff what Plaintiff is owed for damages the flood caused to property that the Policy covered. NFIP Direct also breached the contract by failing to perform other obligations it owed under the Policy.

19. By wrongfully underpaying Plaintiff, NFIP Direct has breached the duties of good faith and fair dealing owed to Plaintiff. In addition, NFIP Direct breached or will breach its duty to deal fairly and in good faith by other acts and omissions of which Plaintiff is presently unaware. NFIP Direct's duty of good faith and fair dealing continues during the pendency of this case. Plaintiff reserves the right to seek leave of the Court to amend this Complaint at such time as she may ascertain other acts and omissions actionable as breaches of the duty of good faith and fair dealing.

20. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiff for the covered losses, NFIP Direct is liable to and owes Plaintiff for the actual damages

Plaintiff sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with interest and all other damages Plaintiff may prove as allowed by law.

## PRAYER

WHEREFORE, the Plaintiff named herein respectfully request that the Court enter judgment in Plaintiff's favor for such amount as Plaintiff may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law, and other and further relief the Court may deem just and proper.

Dated:        June 9, 2022.

Respectfully Submitted,

**LINDSAY, LINDSAY & PARSONS**

_/s/ John Pat Parsons_
John Pat Parsons
TSB#24065876
jparsons@llptx.com
Barrett P. Lindsay
TSB#24055855
blindsay@llptx.com
710 North 11th Street
Beaumont, TX 77702
409/833-1196
409/832-7040

**ATTORNEYS FOR PLAINTIFF, WAFAA MONALA-KHALIL**

TO:   NFIP Direct
      P.O. Box 913111
      Denver, CO 80291-3111

5